1 | Thomas P. Bleau, Esq., SBN 152945
2 | Ramshin Daneshi, Esq. SBN 336051
 | BLEAU FOX, A P.L.C.
3 | 2801 West Empire Avenue
4 | Burbank, California 91504
 | Telephone: (818)748-3434
5 | Facsimile: (818)748-3436
6 | E-mail: info@bleaufox.com
 |         tbleau@bleaufox.com
7 |         rdaneshi@bleaufox.com
8 | Attorneys for Plaintiff,
 | STADIUM C-STORE AND GAS, LLC
9

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13 STADIUM C-STORE AND GAS, 14 LLC, a California Limited Liability Company 15 | CASE NO.: |
| 16      Plaintiff, 17     vs. | **COMPLAINT FOR:** |
| 18 TESORO REFINING & MARKETING COMPANY, LLC, a 19 Delaware Limited Liability 20 Corporation, TESORO SOUTH COAST COMPANY, LLC, a 21 Delaware Limited Liability Company, 22 and DOES 1 through 10, Inclusive 23     Defendant(s). | 1. DAMAGES, INJUNCTIVE RELIEF, AND EQUITABLE RELIEF (VIOLATIONS OF THE PETROLEUM MARKETING PRACTICES ACT, 15 U.S.C. § 2801, ET SEQ.) 2. DECLARATORY RELIEF **DEMAND FOR JURY TRIAL** |

24

25 | **PRELIMINARY ALLEGATIONS**

26 |     1.    Plaintiff, STADIUM C-STORE AND GAS, LLC ("Plaintiff"), is a

27 | California Limited Liability Company, doing business in the County of Orange and

28 | operating a motor fuel dispensing station located at 2331 East Katella, Anaheim,

---

1
COMPLAINT

1  California 92806-6017 (the "Station"), and leasing the real property upon which the

2  Station business is located.

3        2.      Plaintiff is informed and believes and thereon alleges that Defendant,

4  TESORO REFINING & MARKETING COMPANY, LLC (hereinafter referred to as

5  "TRMC"), is now, and at all times mentioned in the Complaint was, a Delaware

6  corporation whose principal place of business is in San Antonio, Texas and doing

7  business in the State of California.

8        3.      Plaintiff is informed and believes and thereon alleges that Defendant,

9  TESORO SOUTH COAST COMPANY, LLC (hereinafter referred to as "TSCC"), is

10  now, and at all times mentioned in the Complaint was, a Delaware corporation whose

11  principal place of business is in San Antonio, Texas and doing business in the State of

12  California.

13        4.      Plaintiff is not aware of the true names or capacities, whether individual,

14  corporate, associate or otherwise, of Defendants named herein as DOES 1 through 10,

15  Inclusive and therefore sues these Defendants by such fictitious names.  Plaintiff shall

16  amend this Complaint to allege the true names and capacities of the fictitiously named

17  Defendants when ascertained.  Plaintiff is informed and believes and, on that basis,

18  alleges that each of the fictitiously named Defendants is in some manner intentionally

19  or negligently responsible for the things herein alleged and the damages suffered by

20  Plaintiff.

21        5.      Plaintiff is informed and believes, and based thereon alleges, that each of

22  the Defendants, fictitious and real, are responsible in some manner for the occurrences

23  herein alleged and that Plaintiff's damages as herein alleged were proximately caused

24  by their conduct.

25        6.      Plaintiff is informed and believes, and based thereon alleges, that at all

26  times herein mentioned, each of the fictitiously named Defendants was the agent,

27  servant, employee, co-venturer and/or alter ego of each of the remaining fictitiously

28  named Defendants and were acting within the course, scope, purpose, consent,

1 | knowledge and authorization of such agency, employment and/or joint venture and
2 | each fictitiously named Defendant has ratified and approved the acts of his, her and/or
3 | its agent.

4 |       7.    Whenever in this Complaint reference is made to "Defendants, and each
5 | of them," such allegation shall be deemed to mean the acts of Defendants acting
6 | individually, jointly and/or severally.

7 |       8.    Plaintiff is informed and believes, and based thereon alleges, that at all
8 | times mentioned in this complaint, Defendants were the agents, employees and/or
9 | joint venturers of their co-defendants, and in doing the things alleged in this complaint
10 | were acting within the course and scope of that agency, co-employment and/or joint
11 | venture.

12 | **JURISDICTION**

13 |       9.    Jurisdiction over this action is based on the provisions of the Petroleum
14 | Marketing Practices Act (hereinafter "PMPA"), 15 U.S.C. Section 2801, et seq.,
15 | which explicitly confers jurisdiction on the United States District Courts over civil
16 | actions brought against franchisors by franchisees, regardless of the amount in
17 | controversy.  Jurisdiction over this action is therefore appropriate since this case
18 | involves a Federal Question pursuant to the provisions of 28 U.S.C. Section 1331.

19 | **VENUE**

20 |       10.    Venue is appropriate in this district pursuant to 28 U.S.C. Section
21 | 1391(b) and 15 U.S.C. Section 2805(a) because Plaintiff's business premises is
22 | located within the boundaries of the Central District, and a substantial part of the
23 | events or omissions giving rise to the claim occurred in this district.

24 | **GENERAL ALLEGATIONS**

25 |       11.    At all times relevant hereto, TRMC and/or TSCC leased the premises on
26 | which the petroleum marketing franchise of Plaintiff is located from the landowner of
27 | the property under a "Master Lease," which in turn subleased the property to Plaintiff,
28 | pursuant to a PMPA Franchise Agreement and Lease.

12.     At all relevant times herein, Plaintiff subleased the aforementioned premises from TSCC, for the purpose of operating the subject Station.

13.     At all relevant times herein, Plaintiff was in a franchise relationship with TRMC, operating the subject Station as a Shell franchisee pursuant to a "PMPA Franchise Agreement" (hereinafter referred to as the "Franchise Agreement").

14.     As a franchisee of a gasoline filling station, Plaintiff is the intended protectee of the PMPA.  TRMC and TSCC are subject to the PMPA as Plaintiff's petroleum franchisor.

15.     The Master Lease between the landlord and TRMC/TSCC expired on July 31, 2023.

16.     Plaintiff was able to secure a new Master Lease with the Landlord with an effective date of August 1, 2023.

17.     Despite the fact that the Master Lease between the Landlord and TRMC/TSCC expired on July 31, 2023, and Plaintiff's sublease expired on the same date, neither TRMC nor TSCC sent Plaintiff a ninety (90) day notice of nonrenewal as required by the PMPA.

18.     Upon nonrenewal of a sublease, the franchisor has an obligation to make a "bona fide offer" to sell, transfer or assign to the franchisee all of the franchisor's interest in such premises and any improvements or equipment located on the premises at a price that approaches fair market value within the ninety (90) day notice period provided for in 15 U.S.C. §2804(a)(2).

19.     In accordance with Plaintiff's statutory rights, Plaintiff requested TRMC/TSCC to purchase its interest in the subject premises, including its interest in any improvements and equipment located on the subject premises.  TRMC/TSCC, however, has failed to make a bona fide offer as required by the PMPA.

20.     Instead, on or about August 1, 2023, TRMC/TSCC sent Plaintiff a letter "Re: Purchase of Improvements" demanding $865,000 for its interest in the improvements and equipment.

21.     Plaintiff is informed and believes and, based thereon, alleges that the Offer was not "bona fide" under the PMPA because it greatly exceeded and failed to approach fair market value, and that, despite Plaintiff's requests, TRMC/TSCC has refused and continues to refuse to convey a "bona fide" offer to sell the improvements and equipment at the subject premises for a price that approaches fair market value and has threatened to remove all of its improvements if Plaintiff does not accept TRMC/TSCC's overly excessive price, which would put Plaintiff out of business.

22.     As of the date of this Complaint, Plaintiff is still willing to exercise its PMPA rights to purchase the improvements and equipment at the Premises for a price that approaches fair market value.  Plaintiff has therefore been forced to file the instant lawsuit for a redress of his rights under the PMPA.

## FIRST CLAIM FOR RELIEF

**(For Damages, Injunctive Relief and Equitable Relief, Exemplary Damages, Attorney's Fees and Costs against TRMC and TSCC for Violations of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq.)**

23.     Plaintiff incorporates and re-alleges the allegations of paragraphs 1 through 22, inclusive, as if fully set forth herein.

24.     Pursuant to Section 2802(c)(4)(C)(i), TRMC/TSCC was obligated, to make a bona fide offer to sell, transfer, or assign to Plaintiff its interest in any improvements and equipment located on the station premises.

25.     Plaintiff is informed and believes and based thereon alleges that TRMC/TSCC failed to comply with this provision of the PMPA by tendering an Offer to sell to Plaintiff its interest in the improvements and equipment located on the Station premises that was not "bona fide" under the PMPA because it greatly exceeded and failed to approach fair market value.

26.     Plaintiff is informed and believes and based thereon alleges that such failure to comply with the express language of the PMPA was an intentional and

1 | willful violation of the PMPA.

2 | 27.   There are serious questions surrounding the validity of TRMC/TSCC's

3 | actions and TRMC/TSCC's obligations to Plaintiff under the PMPA.  Such questions

4 | are fair grounds for litigation.

5 | 28.   Any hardship imposed on TRMC/TSCC as a franchisor, by imposing a

6 | temporary restraining order/injunction would be far less than the enormous hardship

7 | imposed on the Plaintiff, the franchisee, if injunctive relief were not granted.

8 | 29.  Plaintiff is therefore entitled to a temporary restraining order/preliminary

9 | injunction/permanent injunction for TRMC/TSCC to be compelled, prohibited,

10 | restrained, enjoined and ordered from removing, or causing, in any manner to be

11 | removed any equipment or improvements located at the premises located at 2331 East

12 | Katella, Anaheim, California 92806-6017.

13 | 30.   Plaintiff is also entitled to a temporary restraining order/preliminary

14 | injunction/permanent injunction compelling and ordering TRMC/TSCC to make

15 | Plaintiff a bona fide offer to sell, transfer or assign to Plaintiff all of TRMC/TSCC's

16 | interest in such premises and in any improvements and equipment located on the

17 | premises at a price that approaches fair market value.

18 | 31.   Plaintiff is informed and believes and based thereon alleges that Plaintiff

19 | has, and will continue to, suffer damages in an amount to be proven at trial, as a

20 | proximate result of the violations of the PMPA by TRMC/TSCC as set forth herein.

21 | 32.   Plaintiff is entitled to the above-requested relief under the PMPA §2801,

22 | *et seq.*  Plaintiff is also entitled to any other equitable relief which the Court

23 | determines is necessary in order to remedy the effect of TRMC/TSCC's willful failure

24 | to comply with Sections 2801, 2802, 2804 and 2805 of the PMPA, including, but not

25 | limited to, compelling TRMC/TSCC to make a bona fide offer of the its interest in the

26 | leased marketing premises, without any unlawful waivers of rights.

27 | 33.   Plaintiff is entitled to and request exemplary damages, in an amount

28 | sufficient to deter further violations of the PMPA, as a result of TRMC/TSCC's

1  willful disregard of the requirements of the PMPA and the rights of Plaintiff.

2      34.    Plaintiff is entitled to and requests attorneys' fees, expert fees and costs

3  under the PMPA in connection with bringing the instant action pursuant to Section

4  2805(d) of the PMPA.

## SECOND CLAIM FOR RELIEF

## (For Declaratory Relief Against TRMC and TSCC)

7      35.    Plaintiff incorporates and re-alleges the allegations of paragraphs 1

8  through 34, inclusive, as if fully set forth herein.

9      36.    A dispute has arisen, and an actual controversy exists with respect to the

10  rights of the parties and the obligations of the parties with respect to the following:

11      a.    The rights and obligations of the parties under the provisions of the

12  PMPA;

13      b.    Whether TRMC/TSCC's, Offer to Plaintiff to sell the equipment and

14  improvements located at the subject premises was, in fact, "bona fide" within the

15  meaning of the PMPA;

16      d.    Whether TRMC/TSCC should be compelled, prohibited, restrained,

17  enjoined and ordered from removing, or causing, in any manner to be removed, any

18  equipment or improvements located on the premises located at 2331East Katella,

19  Anaheim, California 92806-6017.;

20      e.    Any other controversy of the parties relating to the agreements entered

21  into between them, the validity of their actions or the proper interpretation of the

22  statutory claims at issue in this action, which the Court determines is a genuine

23  controversy in need of resolution;

24      37.    Therefore, Plaintiff seeks a declaration of the rights and obligations of the

25  parties with respect to the controversies referred to above.

26  ///

27  ///

28  ///

7
**COMPLAINT**

**WHEREFORE**, Plaintiff prays for judgment as follows:

**With respect to the First Claim for Relief, an order granting:**

1.  A temporary restraining order, preliminary injunction and permanent injunction compelling, prohibiting, restraining, enjoining TRMC/TSCC from removing, or causing, in any manner to be removed any equipment or improvements located on the premises located at 2331East Katella, Anaheim, California 92806-6017;

2.  A temporary restraining order, preliminary injunction and permanent injunction compelling, prohibiting, restraining, enjoining and ordering TRMC/TSCC to make Plaintiff a bona fide offer to sell, transfer or assign to Plaintiff all of TRMC/TSCC's interest in such premises and in any improvements and equipment located at the premises at a price that approaches fair market value, without a waiver of Plaintiff's rights;

3.  An award of Compensatory damages as allowed under the PMPA which were incurred as a proximate result of TRMC/TSCC's violations of the PMPA;

4.  Any other equitable relief which the Court determines is necessary in order to remedy the effect of TRMC/TSCC's willful failure to comply with Sections 2801, 2802, 2804, and 2805 of the PMPA, including, but not limited to, compelling TRMC/TSCC to make a bona fide offer of its interest in the leased marketing premises, without a waiver of Plaintiff's rights;

5.  An award of exemplary damages in an amount to deter further violations of the PMPA as a result of TRMC/TSCC's willful disregard of the requirements of the PMPA and the rights of Plaintiff;

6.  An award of attorney's fees, expert fees and costs under the PMPA in connection with bringing the instant action pursuant to the PMPA;

**With respect to the Second Claim for Relief:**

7.  An order determining the rights and obligations of the parties under the provisions of the PMPA;

8.  An order determining whether TRMC/TSCC's Offer to Plaintiff to sell

1  the equipment and improvements was in fact "bona fide" within the meaning of the

2  PMPA;

3       9.    An order determining whether TRMC/TSCC should be compelled,

4  prohibited, restrained, enjoined from removing, or causing, in any manner to be

5  removed, any equipment or improvements located at the premises located at 2331 East

6  Katella, Anaheim, California 92806-6017;

7       10.   An order determining any other controversy of the parties relating to the

8  agreements entered into between them, the validity of their actions or the proper

9  interpretation of the statutory claims at issue in this action, which the Court

10  determines is a genuine controversy in need of resolution;

**With respect to All Claims for Relief:**

11       11.   Any other and further relief the Court deems just and proper.

Dated: August 02, 2023              BLEAU FOX, A P.L.C.

By:_____

Thomas P. Bleau, Esq.
Ramshin Daneshi, Esq.
Attorneys for Plaintiff,
STADIUM C-STORE AND GAS, LLC

9
COMPLAINT

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure, Rule 38, Plaintiff hereby demands a trial by jury of all claims herein which are properly the subject of a trial by jury.

Dated: August 02, 2023            BLEAU FOX, A P.L.C.


By:_____

Thomas P. Bleau, Esq.
Ramshin Daneshi, Esq.
Attorneys for Plaintiff,
STADIUM C-STORE AND GAS, LLC